UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD, ILLINOIS DIVISION

APR 15 2016

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY J. GRASON, | ) | |
| Plaintiff | ) | CASE NO. _____ |
| V. | ) | |
| PARKLAND COLLEGE, IT'S BOARD | ) | |
| OF TRUSTEES ; PARKLAND COLLEGE | ) | |
| DEPARTMENT OF AVIATION, | ) | |
| Defendant(s) | ) | |

## COMPLAINT

**NOW COMES THE PLAINTIFF ANTHONY J. GRASON, Pro Se,** and states the following:

1. Anthony J. Grason, Plaintiff Pro Se, resides at 357 W. Decatur St., Decatur IL. 62522 located in Macon County, Illinois.

2. Defendant Parkland College is located at 2400 W. Bradley Ave., Champaign Illinois 61821. Parkland's Board of Trustees resides at same known address. Parkland College's Department of Aviation is located at 1 Airport Rd., Savoy, Illinois 61874 to which it conducts flight operations in accordance to Parkland's academic programs. Such location is formerly known as University of Illinois Department of Aviation.

COUNT 1

1. Plaintiff Anthony J. Grason was enrolled in the Aviation program at Parkland College for Fall semester 2015. Specifically the AVI 120 curriculum which qualifies Plaintiff Grason for Private Pilot Certificate.

2. Said curriculum is a degree seeking course which provides Students a Private Pilot Certificate (Pilot License). See appended Exhibits _A1-A27, C6-C7, E1_ attached and incorporated herein. The course commenced August, 2015 ending in December, 2015.

3. The mandatory educational requirements of said course are set forth in 14 CFR Appendix B Part 141 and are identically provided in Parklands College syllabus know as Private Pilot Certification Courses. See appended Exhibit _A1-A27, E1_ attached and incorporated herein.

4. Said course is a 15 lesson based curriculum to which Park College must adhere strictly and specifically to mandatory federal requirements set forth in 14 CFR App. B Part 141. See Exhibit _A1-A27, E1_. Defendant Parkland has duty to administer said courses to Plaintiff Grason without obstruction.

5. The tuition paid in full by Plaintiff Grason to Defendant Parkland College was in the amount of $9, 192.51 (out of district tuition). See Exhibit _D1, D6_. Said course is paid in full to Defendant Parkland with no money owing which covered all Parkland's tuitions

expenses. Said tuition expenses includes, all tuition, all fee(s), all cost(s), all flight(s) expenses, all ground school training, curriculum testing, etc. as listed by courses catalog description to include requirements under 14 CFR Appendix B Part 141. See Exhibit _C7, A1-A27,E1_ .

6. Tuition paid to Defendant Parkland was for the entire administer of said course curriculum AVI 120 Part 141 and no other. The AVI 120 course program is not described as a pay as you go course nor is billed upon the student per hourly rate. No language exist per course description nor academic syllabus nor 14 CFR Appendix B part 141 for any additional charges or expenses.

7. AVI 120 Part 141 is a tuition based course curriculum paid in full by Plaintiff Grason for Fall 2015 to which Plaintiff Grason was entitled to full course curriculum for Private Pilot Certificate.

8. Plaintiff Grason obligated himself to Federal Sponsored Loans and other unsubsidized loans to cover Parkland College AVI 120 course tuition cost. Such loans were paid to Parkland College for the full administration of said AVI 120 course in accordance to 14 CFR Appendix B Part 141 course curriculum. Said loans bear strenuous interest rate for repayment.

9. Defendant Parkland failed to provide Plaintiff Grason with the academic course curriculum in its entirety as outlined in AVI 120 Part 141 Private Pilot Certification

Course syllabus to which Grason was enrolled and paid course tuition in full. Defendant Parkland had duty to fulfill said obligation to Plaintiff Grason. See flight record log exhibit __E2-E28__.

10. The aviation curriculum administered to Plaintiff Grason in Fall 2015 academic year is not the AVI 120 Courses Appendix B part 141 Grason enrolled in and paid said tuition. The aviation curriculum administered to Plaintiff Grason is in Fall 2015 is not identified in any course catalog or description nor can such curriculum provide a Private Pilot certification (pilot license) to which Grason was entitled.

11. Numerous flight instructional lessons were cancelled arbitrarily by instructors without repeat. In addition, demands were made by the Parkland's Department of Aviation and it's instructors onto Plaintiff Grason for additional sums of money to be paid to administer remaining AVI 120 course. Said sum were additional to course tuition.

12. Defendant terminated Plaintiff's flight instructional lessons effectively November, 2015 upon his refusal to pay. Said instructional flights must be conducted to be eligible for Private Pilot Certification (Pilot License).

13. Defendant Grason notified Parkland Board of Trustee to said matter. See Exhibit __C1-C9__. Defendant Parkland has breached its contract with Plaintiff to administer the AVI 120 course in full and in accordance to course syllabus and outline to include educational requirements under 14 CFR Appendix B Part 141.

14. Plaintiff Grason alleges that said Defendant knowingly misapplied his paid tuition to a Part 61 course to fictitiously create itemized expenses; despite numerous request Defendant Parkland remains inclacitrant and converse to Plaintiff request to finish his paid course.

15. Plaintiff Grason ask upon this Court for an expedited injunctive relief preventing Parkland College from barring Plaintiff Grason from his flight instructional lessons. In addition, Plaintiff Grason meets said requirements for TRO against the Defendant without notice. Plaintiff Grason ultimately seeks to complete his course and obtain his Private Pilot Certificate (Pilot License) without additional delays or expenses.

16. In the event Defendant Parkland is unable to conduct to finality said course AVI 120 Plaintiff Grason seeks relief upon the Defendant for full and total repayment and restitution of all paid tuition to include all legal and court cost and other relief this court deems proper.

## COUNT 2

1. Defendant Parkland College on or about December 1st, 2015 ( See attached Exhibit B1-B5 ) without consent of Plaintiff Grason released and disclosed private, confidential and protected academic educational records to the non-party law firm of Meyer Capel and its attorney Lorna Geiler.

2. Such law firm did not represent Plaintiff Grason nor was hired or sought service and performed without consent of the Plaintiff. Defendant Parkland's disclosure of Grason's educational records constituted no legitimate educational interests nor is Meyer Capel or its attorney defined as a "school official" or functioned in such capacity as permitted under FERPA (see below).

3. Such disclosure of Plaintiff's educational records by Defendant to Law Firm of Meyer Capel and its Attorney(s) is in clear violation to The Family Educational Rights and Privacy Act (FERPA) 20 U.S.C. sect. 1232; 34 CFR Part 99 Et. Seq.

**WHEREFORE**, Plaintiff Grason bases this Complaint ( Count 1 and 2 ) on fraud, breach of contract, lack of academic integrity and denial of equal protection and due process; and ask for fines and monetary damages to include court cost and legal expenses against the Defendant to the extend this court deems proper.  Plaintiff Grason ask upon this Court for Injunctive relief against the Defendant and immediate reinstatement to his flight instructional curriculum or in the alternative full restitution of all moneys payed to the Defendant to include court cost and legal fee(s) and other relief this court deems proper.

Anthony J. Grason

357 W. Decatur St.

Decatur IL. 62522

(217) 848-5698

Anthony J. Grason, Pro Se Plaintiff